Bernard Dubin, J.
Defendant Mark Holder and others were indicted by the Queens County Grand Jury for the crimes of murder and arson. Thereafter, upon motion of Holder’s codefendants the trial was severed as to them.
Before the taking of testimony in the prosecution of the case against Holder, he moved to waive his right to a public trial and to exclude the public and the press. The Assistant District Attorney, in commenting on the motion, stated, inter alia, that the ‘ ‘ people express no position ’ ’.
On March 21, the court granted the defendant’s motion setting forth on the record the reasons for doing so, but the court did not expand on the reasons or the applicable law as it then existed. The court did have in mind the leading cases bearing upon the exclusion of the general public and the press from the courtroom, including Matter of Oliver v. Postel, decided by the Appellate Division, First Department, on December 1, 1971 (37 AD 2d 498). In Oliver, the court in upholding the exclusion of the public and the press noted that, as in the case at bar, the defendant had sought a closed trial and that the Trial Judge in excluding the public and the press exercised his discretion to avoid a basis for a reversal, in the event of conviction, citing Sheppard v. Maxwell (384 U. S. 333) and Estes v. Texas (381 U.S. 532).
On March 22, 1972, the Court of Appeals (30 N Y 2d 171) handed down its decision reversing the Appellate Division. To be sure, the facts leading to the exclusion of the public and the press in Oliver are distinguishable from the facts which led to the exclusion in the case at bar. However, the prouncements of the Court of Appeals sharply curtail the discretionary power of the court to exclude the public and the news media. The Court of Appeals held (p. 182), inter alia, “ Because of the vital function served by the news media in guarding ‘ against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism ’, the Supreme Court has emphasized that it has been ‘ unwilling to place any direct limitations on the freedom traditionally exercised by the news media for “ [w]hat transpires in the court room is public property.” ’ (Sheppard v. Maxwell, 384 U. S. 333, 350, supra; see, also, Craig v. Harney, 331 U. S. *33 367, 374, supra; Bridges v. California, 314 U. S. 252, 263, supra.) ”
A public trial plays a special and vital role in guaranteeing the integrity and vitality in the administration of justice. Indeed, it has been called ‘ ‘ the handmaiden to effective judicial administration especially in the criminal field ”. (Sheppard v. Maxwell, 384 U. S. 333, 350.) As was pointed up in Matter of New York Post Corp. v. Leibowitz (2 N Y 2d 677), fundamental considerations of public policy demand that court proceedings in a publicly held trial be open to the close public scrutiny so long as the case is not one in which preservation of secrecy in respect of the court records has been recognized by law. In our complex society, where most of the public does not have direct contact with the judicial process, it is perhaps of secondary importance, but nevertheless vital, that there be confidence by the public in our judicial system. The mass media can and does perform a useful function in that regard.
The court has reviewed its prior order excluding the public and the press in the light of the caveat of the Court of Appeals that there should be a proper accommodation between the freedom of the press and the right of an accused. The court has given weight to the guidelines agreed upon and subscribed to by the New York Fair Trial Free Press Conference and concludes that the public interest mandated that this trial is subject to the searchlight of the public and the press. The fact that-1 the defendant has waived his right to a public trial is insufficient to deprive the public and the press of their rights, for the right to a public trial is not only to protect the accused but to protect as much the public’s right to know what goes on when men’Sj lives and liberty are at stake. (Lewis v. Peyton, 352 F. 2d 791; United States v. American Radiator & Std. Sanitary Corp., 274 F. Supp. 790; Singer v. United States, 380 U. S. 24; United States ex rel. Mayberry v. Yeager, 321 F. Supp. 199, 204.)
While there may be instances where a defendant’s right to a fair trial may dictate the exclusion of the public, in the light of the decision of the Court of Appeals, this is not such a case.
In view of all of the facts and circumstances and the pronouncements of the Court of Appeals in Matter of Oliver v. Postel (30 N Y 2d 171, supra) the court has reconsidered its prior determination and directs that the trial be open to the public and the press.