THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RONNIE L. PRATT, Defendant.

Third Department, March 15, 1967.

*Louis J. Casella, Public Defender (John E. Murray* of counsel), for defendant.

*Stephen Smyk, District Attorney,* for plaintiff.

GABRIELLI, J. Defendant moves for a change of venue of the trial of two indictments charging him with murder, first degree,

and rape, first degree. Upon being advised by the District Attorney that he intended to use certain alleged confessions, the defendant moved to suppress certain written and oral statements pursuant to the provisions of section 813-g of the Code of Criminal Procedure. A day-long *Huntley* hearing was held, at the conclusion of which the Judge announced his decision in open court and, among other findings and determinations, announced as a conclusion of law " beyond a reasonable doubt that the alleged written confession of the defendant was made voluntarily " and further " beyond a reasonable doubt that the alleged oral statements of the defendant were made voluntarily " and, again, " that the defendant voluntarily, intelligently and knowingly waived his rights and made oral admissions and written confession — and a written confession ". The court's decision embodying these holdings was made on January 24, 1967 and the indictments were thereupon moved for trial. An order was entered for the impanelling of a jury on February 6 to try these indictments.

Prior to the commencement of the hearing the defendant moved that the press and public be excluded, which motion was denied. Immediately following the hearing, the findings and conclusions made and reached by the court were given wide publicity in the local newspapers; and some of the accounts gave not only lengthy descriptions of the substance of some of the alleged admissions and testimony adduced during the hearing but also quoted the significant portions of the findings made and conclusions reached by the court.

The mandate laid down in *People* v. *Huntley* (15 N Y 2d 72, 78) in which the Massachusetts rule was adopted wherein " the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused " beyond a reasonable doubt, requires that any disclosure of the Judge's decision thereon may well be improper. Such a disclosure, whatever may be the determination, could and would demonstrate a reasonable probability of prejudice.

The problem of procedure presented by this motion and its effect upon the general administration of criminal justice obviously fit the language of the court in *Huntley* when (p. 78) it said: " Undoubtedly other questions will come to us as a result of the *Jackson-Denno* holdings but we think it wiser to leave those others for future determination ".

A criminal defendant must be afforded a speedy and public trial (U. S. Const., 6th Amdt.; Code Crim. Pro., § 8; Civil Rights Law, § 12). Does, therefore, the court in a *Huntley*

hearing have authority to exclude the public and conduct a closed hearing?

The right to a speedy and public trial afforded by the Constitution exists for the protection of the accused and can be waived by him (*Matter of United Press Assns.* v. *Valente,* 308 N. Y. 71). In this case, the Court of Appeals held that such a waiver could be exercised and reasoned that (p. 82) "A regard, not alone for reason and logic, but for justice and fairness to the defendant, dictates the conclusion that, subject to the court's approval and ruling, he be allowed to decide against having a public trial. As one United States Court of Appeals aptly wrote, 'a defendant may well conclude that in his particular situation his interests will be better served by foregoing the privilege than by exercising it', and 'To deny the right of waiver in such a situation would be "to convert a privilege into an imperative requirement" to the disadvantage of the accused.' (*United States* v. *Sorrentino,* 185 F. 2d 721, 723)."

That the public has an understandably proper interest in assuring a defendant a speedy and public trial, is a well-established principle with which there can be no quarrel. However, as the court said in *Matter of United Press Assns.* v. *Valente* (308 N. Y. 71, 81, *supra*): "The public's interest is adequately safeguarded as long as the accused himself is given the opportunity to assert on his own behalf, in an available judicial forum, his right to a trial that is fair and public. * * * Whatever concern the public may have for a defendant's right to a fair trial, it can seldom match that of the person whose life or liberty is at stake."

We have previously held that a defendant may waive a public hearing and, once waived, the waiver is binding upon him (*People* v. *Mangan,* 16 A D 2d 986.) This principle has likewise been enunciated by our highest court in *People* v. *Miller* (257 N. Y. 54, 60–61).

A pretrial *Huntley* hearing is analogous to a preliminary hearing conducted pursuant to the provisions of chapter VII of title III of the Code of Criminal Procedure. By legislative enactment, in effect and unchanged since 1888, a Magistrate is specifically authorized to exclude from the hearing every person except the clerk, prosecutor, counsel and the defendant (Code Crim. Pro., § 203). The legislative commission report in declaring the purpose of this section stated that "a necessarily public examination would involve possible difficulties in selecting an unprejudiced jury. And the rights of the defendant are preserved, since a private examination may not be had, except at his request".

The conclusions we reach in this case should in no way be interpreted as being critical of the publication of the proceedings by the press following the hearing. They have an inviolate right to publish any and all reports of public trials and hearings. Once the Judge permits the press to attend a hearing, he can in no way censor their reports of the actual proceedings in open court. (*Maryland* v. *Baltimore Radio Show*, 193 Md. 300, cert. den. 338 U. S. 912; *Craig* v. *Harney*, 331 U. S. 367.)

Because of the posture of any case following a *Huntley* hearing, the publication of testimony adduced thereon or the conclusions reached by the Judge thereafter, when the defendant requests exclusion of the public, would create a reasonable probability of prejudice; and as the court said in *People* v. *Marturano* (24 A D 2d 733), the procedure adopted here along with the attendant wide publicity "may well have prejudiced defendant's right to a fair trial in the county of venue".

The publication of the testimony produced during the *Huntley* hearing and the public determinations made by the Judge on the voluntariness of the alleged statements of the defendant have created a reasonable probability of prejudice.

In the future, decisions rendered upon *Huntley* hearings should not be made public prior to the determination of the action. From what we have held with respect to waiver of the right to a public hearing, it follows that upon *Huntley* hearings in the future the courts in this department must recognize the defendants' rights in that regard.

The motion should be granted and the trial removed to a term of the Supreme Court held in such county as shall be named in the order to be entered hereon.

HERLIHY, J. (concurring). I concur. The defendant having elected and having properly moved for a closed hearing, it was error for the court to have denied the motion (see *Matter of United Press Assns.* v. *Valente*, 308 N. Y. 71; *People* v. *Mangan*, 16 A D 2d 986).

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur in opinion per GABRIELLI, J.; HERLIHY, J., concurs in a separate memorandum, in which GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Motion granted, and trial removed to a term of the Supreme Court held in such county as shall be named in the order to be entered hereon. Settle order.