RAFAEL JIMÉNEZ ROMÁN, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, AUGUSTO PALMER, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. O-67-174.        Decided March 19, 1970.

E. W. Belén Trujillo for petitioner. J. B. Fernández Badillo, Solicitor General, and Peter Ortiz, Assistant Solicitor General, for intervener.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

In the present case the information charging the offense of driving a motor vehicle under the influence of alcoholic beverages was filed on August 3, 1965. The arraignment was set for the following September 2. The hearing for the following October 18. The trial was not held on this date. In the minutes corresponding to that day it was set forth that "on account of physical impossibility of the court, since it is 4:45 p.m., the setting of the case is set aside and the hearing of this case is postponed until it is reset." It was reset for November 22, 1965. From the minutes corresponding to that day there appears that "the hearing of this case is hereby continued until it is reset, because of lack of time." On December 28, defendant filed a motion to dismiss under Rule 64 of the Rules of Criminal Procedure. He alleged "that more than 120 days have elapsed after the information was filed. . . ." The motion was discussed on January 3, 1966, date which had been set for the hearing of the case.

In the minutes of that day there appears that:

". . . After hearing the parties, the court denies the motion to dismiss brought by the defense, understanding from whatever was written therein, there appears from the minutes of the case that this case has been continued on two previous occasions on account of the impossibility of the court to hold the hearing thereof, by reason that the term has elapsed.

"It is set forth that the court, notwithstanding the hour, is willing to hear the case. The defense moves for the postponement of the hearing to revise the action of the court. Being subject to review, the case is continued until it is reset so as to give the defense the opportunity to revise these circumstances.

"It is stated that the continuance in this case was due to the fact that the defense requested it to review the denial of the court before the Supreme Court. Said motion is filed at 5:18 p.m."

■ Section 11 of the Bill of Rights of the Constitution of the Commonwealth[1] establishes that every accused has the right to a speedy trial. It is a fundamental right of the defendant. It guarantees the persons accused of an offense that the hearing of their cases shall not be delayed, either because of the interest of the State in maintaining an accusation against the defendant, or because of indolence of the officers in charge of imparting justice. It has such a prominent character, that the Supreme Court of the United States, in *Klopfer* v. *North Carolina*, 386 U.S. 213 (1967), ratified in *Smith* v. *Hooey*, 393 U.S. 374 (1969), established that the right underlying the Sixth Amendment of the Federal Constitution is applicable to the federal states under the Fourteenth Amendment. After referring to the historic development of the right establishing that its origin has its roots as of the date on which the Magna Carta was signed (1215), the court stated: ". . . the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment. . . . The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution."

■ First, in our Code of Criminal Procedure, § 448, and later, in the Rules of Criminal Procedure of 1963, Rule 64, rulings were established to guarantee a speedy trial. The defendant must be brought to trial within 120 days after the filing of the information or complaint "unless just cause is shown for the delay or unless the delay to submit the case to trial is due to defendant's motion or his consent."

---

[1] Section 11 provides:
"In all criminal prosecutions, the accused shall enjoy the right to have a speedy and public trial. . . ."

In the present case the information was filed on August 3. The hearing set for August 18 was continued "on account of the physical impossibility of the court, since it is 4:45 p.m. . . ." and the one set for November 22 was continued "because of lack of time."

Half a century ago, this Court, in *People v. Cesari*, 26 P.R.R. 18 (1917), stated that "To hold that mere congestion of the civil docket is just cause for delay in the disposition of criminal cases would subordinate the rights of the accused to the convenience, rather than to the discretion, of the trial judge, and would tend directly to destroy in actual practice the speedy trial contemplated by the code."

In the year 1920, in *People v. Nigaglioni*, 28 P.R.R. 217 (1920), we extended this pronouncement and affirmed that:

"The single fact that the Court was in vacation would not have been sufficient of itself. The time that the district courts are in vacation, although such vacations may be authorized by law, cannot be deducted from the time fixed by the law itself for the trial of criminal cases, thus limiting the right which all citizens of this Island have to a speedy trial. Neither would the hearing of civil cases have been sufficient of itself. If the court had been entirely engaged in trying other criminal cases, that alone would have been sufficient.

"We repeat that it is the concurrence of all the circumstances attending this case that leads us to hold that there was a good cause for the delay. We agree that our district courts, and particularly some of them, in exercising their original and appellate jurisdiction in civil as well as in criminal cases, are kept very busy, but the judges should so arrange their terms that criminal cases may be tried within the four months fixed by law. If in doing so criminal cases must be given preference, such preference will be justified."

As we have seen, *Cesari* and *Nigaglioni* established that congestion in the civil docket was not just cause for failing to hold trial within the 120 days.

In *People* v. *Villafañe*, 37 P.R.R. 604 (1928), we did not distinguish between the civil and the criminal docket when we stated:

". . . In response to this motion the court said that it would take judicial notice of the excessive work that the court had. The trial did not take place within 120 days, and we have consistently held in accordance with section 448 of the Code of Criminal Procedure that a failure to bring the defendant to trial within that time without legal excuse entitles him to a discharge. Unless there is some showing that other cases have a preference, the fact that the court is busy is no legal excuse. Other cases may be postponed, if necessary."

In *People* v. *Sánchez*, 41 P.R.R. 736 (1931), we summarized the case law on this matter and ratified basically our decision in the aforecited cases. Notwithstanding what we stated, it is necessary to point out that in *People* v. *Irizarry*, 33 P.R.R. 160 (1924) ; *People* v. *Quirindongo*, 33 P.R.R. 433 (1924), and *People* v. *Cabán*, 45 P.R.R. 210 (1933), there are expressions contrary to this view.

Then there arose the case of *De Gracia* v. *District Court*, 52 P.R.R. 589 (1938), where we reconsidered the question again. We did not distinguish between one and the other docket. It was shown that the court had been continuously busy. Let us see how we handled the matter: The motion to dismiss having been filed in the trial court (it was proper pursuant to the procedure in force), ". . . the district attorney opposed the motion on the ground that it had been impossible for the court to act on the case owing to the excessive amount of work in said court, without advancing any other legal reason for the delay, and offered the testimony of the clerk of the court, who briefly testified that the court had had a long term of civil cases; that a large number of criminal cases had also been tried, including the misdemeanor cases of original jurisdiction in the district court and those on appeal from municipal courts. He further submitted a

statement of the cases filed and heard between September 3, 1936, and August 13, 1937, said statement reading as follows:

Felonies .............................. 308
Misdemeanors filed by the district attorney .... 201
Appeals from municipal courts ............ 298
                                 ——
     Total ...................... 807

and that out of the above cases the following had been decided:

Felonies .............................. 111
Misdemeanors filed by the district attorney .... 100
Appeals ............................... 210
                                 ——
     Total ...................... 421

stating that during that same period of time there had been filed in the office of the clerk of the said court, 902 civil cases, of which 594 had been decided. . . ."

The trial court dismissed the motion by the following order:

"At no time during the judicial year is this court in recess. It works continuously. Its daily tasks, as shown by the minutes, are great and difficult, hardly surpassed by those of any other court of similar jurisdiction in the Island, even including those courts with more than one judge. Its tasks include the hearing of criminal cases with or without a jury, misdemeanor cases originating in this court and appeals from municipal courts within the district, as well as the whole stream of civil cases of voluntary jurisdiction, cases by default and adversary suits, including every ancillary proceeding that comes up during the prosecution of such cases and which mostly require a separate hearing and determination. The above cases are dispatched following an order prescribed by law and by the rules of the court, in pursuance whereof the cases are set in accordance with their filing (criminal cases) or as issues are joined (civil cases), in each successive term respectively, except as provided by law with reference to such defendants that have been unable to furnish bail, whose cases are included among those to be set

during any of said terms. This order is not changed except where a defendant especially moves for an earlier setting of his case in order to plead guilty. This is the only exception available. In view of such circumstances and with full knowledge of the facts which determine and constitute the activities of this court; and considering that in view thereof this case has not been delayed farther than any others in similar conditions, and as there is justifiable ground for such delay, the motion of the defendant for a dismissal of the case is denied and the case will be set in due course."

In deciding the question we said:

"The law is clear and the jurisprudence is copious. See notes to Section 448 of the Code of Criminal Procedure (1935 ed.). Excess of work is not by itself sufficient ground for failing to comply with a legislative mandate. Measures may be adopted to show the readiness of the court to comply therewith and the material impossibility which afterwards prevented such compliance. Not 120, but 340 days had elapsed without the district court taking any action in regard to the trial of the cause pending before the same by reason of the information against the petitioner filed by the district attorney at the time the motion for a dismissal was presented; nor does it appear that after the dismissal of the case had been moved for and denied, the same was set for hearing, and this, as we know, happened in August, 1937. Everything tends to show a flagrant infringement of the constitutional rights of the defendant, regulated in their entirety by the statute."

In *Ramos* v. *District Court,* 61 P.R.R. 579 (1943), we conditioned somewhat what we had stated in *De Gracia,* in saying that "It is true that neither excessive work on the part of the court, nor the fact that the court was on vacation (*De Gracia* v. *District Court,* 52 P.R.R. 589), are by themselves sufficient to justify the delay in holding the trial, but these circumstances, added to others in which the accused took part, may constitute the just cause to which paragraph 2 of § 448 of the Code of Criminal Procedure refers."

The right to a speedy trial is, as we have aforestated, defendant's fundamental right. Now then, said right is of

such a personal character that it may be waived by the accused. *Ferrer* v. *District Court*, 60 P.R.R. 608 (1942); *People* v. *Armes*, 227 N.E.2d 745 (Ill. 1967); *United States* v. *Aadal*, 368 F.2d 962 (2d Cir. 1966); *People* v. *Pratt*, 278 N.Y.S.2d 89 (1967); *Petition of Provoo*, 17 F.R.D. 183, 198 (D.C. Md. 1955), aff'd in *United States* v. *Provoo*, 350 U.S. 857 (1955); Anno.: *Speedy Trial—Loss of Right*, 57 A.L.R.2d 302, 307 (1958). As we stated in *Morales* v. *District Court*, 55 P.R.R. 853–856 (1940), "A defendant, however, does not always desire a speedy trial. A strong case for the prosecution is sometimes debilitated and a conviction becomes more difficult through the lapse of time." Rule 64(n) bases the motion to dismiss on the fact that "the delay to submit the case to trial is [not] due to the defendant's motion, or his consent." Construing the predecessor of this Rule, § 448 of the Code of Criminal Procedure, we stated in *People* v. *Garay*, 64 P.R.R. 101 (1944), that:

". . . Section 448(2) provides that 'If a defendant *whose trial has not been postponed upon his application,* is not brought to trial within one hundred and twenty days after the filing of the information, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed . . .' (Italics ours). We have interpreted this Section to mean that 'When, as here, the trial has been postponed on defendant's motion, the question of dismissal for subsequent delay is a matter within the discretion of the court.' (*Morales* v. *District Court*, 55 P.R.R. 853, 855–6.)"

It is convenient to point out that in *Morales* v. *District Court*, we pointed out at p. 856 that:

"A defendant, by a single motion for a postponement of his trial, does not waive all rights to be tried within a reasonable time thereafter. *People* v. *Cepeda*, 31 P.R.R. 465. The lapse of two years without a re-setting of the case is a serious matter. If defendant, either at the time of his first motion for a postponement, or thereafter, had indicated any desire or willingness to have his case tried, any subsequent delay for an unreasonable

length of time in the absence of a satisfactory showing on the part of the prosecution would have required a dismissal."

■ Thus, the ruling should be that after a case has been set for hearing within 120 days after the filing of the information, defendant's action requesting the postponement of the hearing should preclude him from demanding the holding of the trial within the next 120 days as of the date of the motion to continue the case, if the congestion of the docket prevents the resetting. *Cf. People* v. *Gerardino et al.,* 37 P.R.R. 173, 176–7 (1927). It should not be permitted that the postponement requested by a defendant affect the ordinary disposal of other cases pending. The defendant had an opportunity for holding the trial within the term established by the rule. But as we stated in *Morales* v. *District Court,* "A defendant, by a single motion for a postponement of his trial, does not waive all rights to be tried within a reasonable time thereafter." Thus, the hearing must be set as soon as possible, taking into consideration the amount of work pending, but without forgetting that the right to a speedy trial is as fundamental as any other of the fundamental rights guaranteed to defendants by the Constitution.

■ It must be definitively and clearly stated that the congestion of the docket does not constitute just cause for the delay in holding the trial in a criminal case. In the present case the defendant never moved for the continuance of the case, and on the two occasions on which it was set for hearing, the court continued the hearing for lack of time. In the light of the foregoing, the defendant in this case did not have the speedy trial guaranteed by the Constitution of the Commonwealth of Puerto Rico. Therefore, it is proper to set aside the order appealed from and to dismiss the information.

Mr. Chief Justice Negrón Fernández and Mr. Justice Santana Becerra and Mr. Justice Blanco Lugo shall submit in due time their respective expressions.