In the Matter of HEARST CORPORATION et al., Petitioners, v CON CHOLAKIS, as Judge of the County Court of the County of Rensselaer, et al., Respondents.—Proceeding pursuant to CPLR article 78 instituted in this court to enjoin the Rensselaer County Court from conducting closed hearings in a criminal action and for other relief. We are called upon in this special proceeding to determine whether, consistently with the First Amendment, the public and representatives of the news media may be excluded from a pretrial suppression hearing upon motion of the defendant made on the ground that closure of the hearing is necessary to prevent publicity and thereby protect his constitutional right to a fair trial. The record before this court indicates that respondents (hereinafter "defendants") Irene Richardson, Mary Jane Richardson, Leonard Burnett, also known as "Lenny", Charles Hector McIntosh, also known as David Richardson, Donald Cook, Clyde Cook and Nathaniel Rhodes have each been indicted by a Rensselaer County Grand Jury and charged with various felonies in connection with an

alleged kidnapping and assault of one James Whitbeck during the last week of August or first week of September, 1975. On August 11, 1976 petitioner Freedman, a reporter employed by petitioner Hearst Corporation, sought to attend a suppression hearing which was to be held before respondent Rensselaer County Court Judge Cholakis in the case of defendants Irene Richardson, Mary Jane Richardson and Leonard Burnett. It appears that at the outset of this hearing the attorneys for these defendants moved to exclude the press and the public from the courtroom. This motion was granted by respondent Cholakis from the bench and the hearing was conducted with only defendants, their attorneys and court personnel present. On August 16 a suppression hearing was scheduled to be held in the cases of defendants Charles Hector McIntosh and Donald Cook. The attorneys for these defendants also moved for the exclusion of the press and public and the motion was again granted by respondent Cholakis. During the course of the hearing, petitioners commenced this proceeding by an order to show cause from a Justice of this court which had the effect of staying the hearing pending the determination of the instant proceeding. Petitioners in essence seek a judgment (1) vacating the oral orders of respondent Cholakis closing the suppression hearings of August 11 and 16, and (2) restraining respondent Cholakis from excluding the press and public from any suppression or other pretrial hearing involving the instant defendants. We are also asked to direct respondent Cholakis to provide petitioners with a full transcript of the August 11 hearing from which petitioner Freedman was excluded. In the court below the defendants moved pursuant to *People v Pratt* (27 AD2d 199) to close the suppression hearings. Respondent Cholakis, relying on *Pratt (supra),* orally ordered closure. In decisions subsequent to *Pratt,* the Court of Appeals has indicated that closure should only be permitted in "unusual circumstances" *(People v Hinton,* 31 NY2d 71, cert den 410 US 911) or upon a clear showing that such an order is required to prevent "a serious and imminent threat to the integrity of the trial" *(Matter of Oliver v Postel,* 30 NY2d 171, citing *Craig v Harney,* 331 US 367, 373, 377). Upon this record, it is clear that the court below did not consider any facts that might have shown the presence of "unusual circumstances" *(People v Hinton, supra)* or a potential threat to "the integrity of the trial" *(Matter of Oliver v Postel, supra).* Accordingly, the relief prayed for in this petition should be granted to the extent that the oral orders of closure are annulled, and the matter should be remitted to the Rensselaer County Court for further proceedings to determine if such "unusual circumstances" or "serious and imminent threats to the integrity of the trial" are, in fact, present. The petition should otherwise be denied. In any event, the trial court should promptly continue with the pretrial proceedings after resolving this matter. Petition granted, without costs, to the extent of annulling the orders of closure, matter remitted for further proceedings not inconsistent herewith, and petition in all other respects denied. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.