Lawrence E. Kahn, S.
The question before this court is whether the examination of the witnesses to the purported last will and testament of the deceased, Daniel P. O’Connell, shall be a closed proceeding or open to the public. All parties to this examination have moved to keep this proceeding closed.
Our system of justice has been built upon the concept that matters which take place in our courts shall not be shrouded in secrecy, but rather shall be open to public scrutiny and examination. The Surrogates’ Courts are an integral part of our system of justice and are governed by the very same principle that public scrutiny of legal proceedings is essential to the fair and equitable disposition of judicial matters and to the confidence of all persons in the rule of law.
As noted in People v Hinton (31 NY2d 71, 73) "Public trials, of necessity, serve a twofold purpose. They safeguard an accused’s right to be dealt with fairly and not to be unjustly condemned * * * and concomitantly, serve to instill a sense of public trust in our judicial process by preventing the abuses of secret tribunals as exemplified by the Inquisition, Star Chamber and lettre de cachet (Matter of Oliver, 333 U. S. 257, 270, n. 24; Lewis v. Peyton, 352 F 2d 791, 792 [4th Circuit]; United States v. Lopez, 328 F. Supp. 1077, 1087 [E. D. N. Y.). Not only the defendant himself, but also the public at large has a vital stake in the concept of a public trial.”
Nevertheless, there have been instances in which judicial proceedings have been closed to the general public. However, as indicated in Matter of Hearst Corp. v Cholakis (54 AD2d 592, 593), "the Court of Appeals has indicated that closure should only be permitted in 'unusual circumstances’ (People v *557 Hinton, 31 NY2d 71, cert den 410 US 911) or upon a clear showing that such an order is required to prevent 'a serious and imminent threat to the integrity of the trial’ (Matter of Oliver v Postel, 30 NY2d 171, citing Craig v Harney, 331 US 367, 373, 377).”
The Surrogate’s Court, like all courts in this State, is governed by section 4 of the Judiciary Law which provides, "The sittings of every court within this state shall be public and every citizen may freely attend the same, except that in all proceedings and trials in cases for divorce, seduction, abortion, rape, assault with intent to commit rape, sodomy, bastardy or filiation, the court may, in its discretion, exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses and officers of the court.”
This provision is a clear and unambiguous statement of law that sittings of court shall be open to the public with the exception of specific proceedings and trials enumerated therein, none of which are applicable to the instant proceeding. As noted in Lee v Brooklyn Union Pub. Co. (209 NY 245, 248) the provisions of this section declaring that the sittings of the courts shall be public and that every citizen may attend the same are founded on "the public interest in having proceedings of courts of justice public, not secret, for the greater security thus given for the proper administration of justice.”
The fact that sittings of the court shall be public is so imbedded in our tradition, that absent exceptional circumstances, a Judge or Justice has no discretion whether a judicial proceeding is to be open to the public. (People v Rose, 82 Misc 2d 429.)
The clearest definition of a "sitting” of court is contained in Black’s Law Dictionary (rev. 4th ed, p 1557). There it is stated that a sitting is "a session or term of court.” The issue before us is whether an examination of attesting witnesses to a will falls within this definition. This court holds that it does. The purpose of SCPA 1404 allowing such examination is to permit objecting parties to determine whether or not the instrument offered for probate was validly executed before proceeding with a contest that in the face of a validly executed instrument might prove futile. (Matter of King, 16 AD2d 614.)
As such, it is an essential part of the proper administration of a decedent’s estate. Such an examination is held before this court with all parties attending, with a court stenographer *558 present and subject to all of the applicable rules of evidence. It is thus a sitting of this court which should be open to the public unless unusual or exceptional circumstances exist or unless there is a serious and imminent threat to the integrity of this proceeding. No evidence has been offered to find unusual or exceptional circumstances in this examination of witnesses to the will of deceased. Such examinations are routinely held at the request of a party or upon the order of the Surrogate. Nor is there any evidence offered to support a finding that this examination, if opened, will pose a serious and imminent threat to the integrity of this proceeding. This court believes that, in fact, the integrity of this proceeding will be enhanced by being open, as are all other proceedings of this court. Secrecy in court proceedings can only lead to speculation and distrust in the judicial process. Truth, accuracy and integrity can only flourish in an open legal process.
Finally, the fact that the decedent, Daniel P. O’Connell, was an eminent public figure is not relevant to the issues herein. While this court is endowed with the sacred duty of protecting and fulfilling the wishes of a decedent, it cannot close an estate proceeding to make one’s affairs of life secret at death. This court recognizes that many persons often would rather not have their legal affairs aired in public. The fact that wills and estates are a matter of public record is often criticized. However, in the larger view, public access to such proceedings and records establishes and enhances confidence in our judicial system. Without an open system of justice, the basic framework of our democratic form of government would be jeopardized.
Given the clear mandate of the statute, the absence of any compelling reasons to close this proceeding, and the inherent wisdom of public access to judicial proceedings of the courts of this State, this court holds that the sitting of this court for the purpose of examining the witnesses to the last will and testament of Daniel P. O’Connell shall be public.