■ In the Matter of HEARST CORPORATION et al., Petitioners, v JOHN J. CLYNE, as Judge of the County Court of Albany County, et al., Respondents. —Proceeding pursuant to CPLR article 78 (brought on in this court [CPLR 506, subd (b), par 1]) to declare illegal the closing of the courtroom to the press by respondents, without a hearing, during the entry of a guilty plea by defendant Marathon in the case of *People v Marathon* and to enjoin respondents from granting such closure orders in the future without a hearing. In September, 1978, Alexander Marathon and William Du Bray were jointly indicted by the Grand Jury of Albany County and charged with the crimes of robbery in the first degree, burglary in the first degree and grand larceny in the second degree. On March 1, 1979, a suppression hearing was commenced before Judge Clyne, who, on March 5, 1979, granted a motion by the attorney for defendant Marathon to close the courtroom to the public during the suppression hearing. On March 7, 1979, during the suppression hearing and while the courtroom doors were still locked, defendant Marathon elected to change his plea to guilty to the crime of robbery in the first degree in satisfaction of the three count indictment. Petitioner Armstrong, a reporter for the *Albany Times Union,* claims that she had been reporting some of the events of the case. She apparently knew that the suppression hearing was closed to the public and press, but on March 7, 1979, upon learning that defendant Marathon was about to enter a guilty plea, she unsuccessfully attempted to gain entry to the courtroom. It should be noted that Judge Clyne was not advised of this. Thereafter, she approached Judge Clyne for an explanation of his closure order and was told that the defendant Marathon had pleaded guilty to first degree robbery. The Judge explained that after the defendant Marathon had pleaded guilty, he closed the plea hearing because the possibility existed that defendant Marathon might have implicated defendant Du Bray in the course of the colloquy accompanying his plea. He pointed out that if defendant Marathon's testimony became public via the media, it would have been extremely difficult to select an impartial jury for defendant Du Bray's trial which was scheduled for the following week. Judge Clyne agreed to provide petitioner with a transcript of the closed plea proceeding when the transcript was completed, but denied her request that the stenographer be permitted to read the minutes of the proceeding to the petitioner at that time. After

defendant Du Bray entered a plea of guilty on March 12, 1979, petitioner Armstrong was permitted to purchase copies of all requested transcripts. Although the underlying criminal actions have been terminated by the entry of the guilty pleas by both defendants, and petitioners have been provided with a transcript of the closed plea proceedings, we disagree with respondents' contention that this controversy has been rendered moot *(Gannett Co. v De Pasquale,* 443 US 368). However, the petition must be dismissed. Although it is our view that in the ordinary situation, plea proceedings must not be held *in camera,* under the facts of this case, the trial court properly exercised its discretion in closing the plea hearing in view of the possibility that defendant Marathon might have implicated defendant Du Bray in the course of the colloquy accompanying his plea (cf. *Gannett Co. v De Pasquale, supra).* Petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.