650

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER M. MARATHON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered June 8, 1979, convicting defendant upon his plea of guilty of the crime of robbery in the first degree. In September, 1978, defendant and William Du Bray were jointly indicted by the Grand Jury of Albany County and charged with the crimes of robbery in the first degree, burglary in the first degree and grand larceny in the second degree. During the course of a suppression hearing in March, 1979, Judge Clyne granted defense counsel's request to close the courtroom. Thereafter, defendant changed his plea to guilty to the crime of robbery in the first degree in satisfaction of the three-count indictment. Judge Clyne inquired of defendant as to the underlying facts surrounding the plea in order to determine that it was knowing and voluntary. After defendant was sworn under oath, and during the plea colloquy, defendant acknowledged the crime and his participation in it, and also implicated his codefendant, William Du Bray. The closure of the courtroom to the public, and especially to the press, during defendant's plea of guilty became the subject of litigation initiated by the Hearst Corporation, which had been refused a transcript of the plea proceedings until Du Bray pleaded guilty five days later. This court, concluding that the closure was a proper exercise of discretion, dismissed the petition (*Matter of Hearst Corp. v Clyne,* 71 AD2d 966). The Court of Appeals reversed and remitted to this court for dismissal, holding that the case was moot and that there was no sufficient reason to consider the merits of the appeal (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707). On the instant appeal, defendant contends that his guilty plea is a nullity because it was made in an illegally closed courtroom in violation of his right to a public trial. Defendant alleges that he did not knowingly and intelligently waive his right to a public trial and that it was never established that the plea proceedings were closed to avoid potential prejudice to his codefendant Du Bray. We disagree. A defendant may waive his right to a public trial by his failure to object to the closure of the courtroom (*People v Miller,* 257 NY 54; *People v Pratt,* 27 AD2d 199). That is precisely what defendant did in the instant case. Furthermore, at no time did defendant move to withdraw his plea of guilty. Thereafter, at a subsequent persistent felony hearing, defendant in open court admitted the robbery. There should be an affirmance. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.