*564 OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding examinations of attesting witnesses have been held and on October 6, 1997 the examination of the surviving spouse, the named executrix and proponent of the will, was scheduled as part of the SCPA 1404 examination under a recent amendment which authorizes the examination of the executor and proponent prior to the filing of objections if the will offered for probate contains an in terrorem or no contest clause as this will does.
Present at the time of the examination was a reporter from Newsday who insisted on being present during the examination of the surviving spouse to which the attorneys for the parties objected. The court requested counsel to adjourn the deposition so as to permit Newsday an opportunity to submit its position in writing. Subsequently, counsel for Newsday filed with the court a letter dated October 9, 1997 citing Matter of O’Connell (90 Misc 2d 555), an Albany County Surrogate’s Court decision, which holds that an examination of attesting witnesses to a will is a "sitting” of the court for purposes of section 4 of the Judiciary Law providing that sittings in every court should be public except for specific proceedings. The O’Connell court stated, in part (at 557-558): "Such an examination [of attesting witnesses] is held before this court with all parties attending, with a court stenographer present and subject to all of the applicable rules of evidence. It is thus a sitting of this court which should be open to the public”.
On the other hand, it is clear that if examinations under SCPA 1404 are in the nature of depositions, then the cases have consistently denied the press access to such pretrial proceedings (Scollo v Good Samaritan Hosp., 175 AD2d 278; Matter of Westchester Rockland Newspapers v Marbach, 66 AD2d 335).
The question, therefore, resolves itself as to whether historically and traditionally examinations of attesting witnesses are "sittings” of the court or on the other hand, essentially depositions or examinations before trial. A review historically of the practice and procedure leaves no doubt that the examination of attesting witnesses is in the nature of depositions or examinations before trial and nothing more.
The four-volume work of Bradford Butler, who was a prominent scholar in the field of trusts and estates and a court attorney in the Kings County Surrogate’s Court, originally *565 published in 1941, states: "The examination of the subscribing witnesses, whether it be held before or after the filing of objections, is informal and is usually conducted before a court stenographer, in the presence of the representatives of the parties” (2 Butler, New York Surrogate Law and Practice § 1035).
Another and similarly distinguished commentator on Surrogate’s practice, Homer I. Harris, in the second edition of his work, New York Estates Practice Guide (§ 177), states: "On the day set for the examination the parties, witnesses and attorneys go before an official stenographer”.
Harris’s third edition of the same work states: "The usual procedure is for the attorney for the proposed contestant to appear on the return day of citation and file a notice of appearance and authorization. At that time an oral request is made for the examination and a date arranged for conducting it. Such examination is taken before the court reporter, and not the court” (1 New York Estates Practice Guide, at 409 [emphasis added]).
The Turano Practice Commentaries (McKinney’s Cons Laws of NY, Book 58A, SCPA 1404, at 177) state, in part, "The examination ordinarily takes place in the court in the presence of a court reporter. Uniform Rules of the Surrogate’s Court Section 207.28”. While, indeed, the court rules do state that "[u]nless the court otherwise directs, all examinations pursuant to SCPA 1404 * * * shall be held at the court-house” (22 NYCRR 207.28 [a]), the historical context for this rule is clearly set forth in Harris’s fifth edition on New York Estates: Probate Administration and Litigation § 19.43 (vol 2, at 19-13): "Although there are several instances where the court rules mandate the taking of the deposition at the courthouse, few of the Surrogates require compliance. The primary reason is that the Surrogate’s Courts no longer employ court stenographers but use recording devices as part of the Office of Court Administration’s ongoing efforts to reduce costs. Parties may bring their own stenographer into Surrogate’s Court, as they do elsewhere, or conduct the examination at counsel’s office.”
One other purpose served by requiring certain examinations to be held at the courthouse is that the procedure enables the parties to seek an immediate ruling if a dispute should arise (3 Cox-Arenson-Medina, NY Civ Prac [SCPA] ¶ 1404.11 [b] [1] [ii] [1997]).
Since the examination of attesting witnesses historically and traditionally does not involve a "sitting” of the court but essentially a deposition or examination before trial, the O’Connell *566 case (supra) must be considered to represent an unusual and isolated approach to examinations of attesting witnesses and will not be followed.
Although no examination under SCPA 1404 should be considered a "sitting” of the court, there is even less reason for such a characterization in the examination of a proponent or executor who, prior to the 1993 amendment to SCPA 1404 (L 1993, ch 514, § 32), could only be examined after the filing of objections under CPLR article 31 (Matter of Lachman, 100 Misc 2d 21) which would clearly make it an examination before trial. The purpose of incorporating the examination of the proponent or executor into SCPA 1404 was to permit a potential objectant an expanded discovery without triggering a forfeiture under the no contest clause and corresponds to a similar change in EPTL 3-3.5 (L 1993, ch 514, § 64).
Accordingly, the examination under SCPA 1404 being essentially a deposition or examination before trial, there is no occasion to open the examination to the public without the consent of the parties and permission for the press’s participation in the examinations is denied. In addition, permission was sought to conduct the remaining depositions outside the court, which application is granted.