■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RODRIGUEZ, Appellant. [718 NYS2d 168] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered September 9, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BROWN, Appellant. [717 NYS2d 177] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered July 1, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's challenge to the court's reference, in its preliminary remarks to the prospective jury panel, to the elements of the crime charged is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no prejudice as the court cautioned against premature deliberations in its preliminary charge delivered prior to opening statements.

Defendant's right to a public trial was validly waived by defense counsel. After the court conducted a *Hinton* hearing and limited closure of the courtroom to the general public, allowing defendant's family and members of the legal profession to enter, during the testimony of an undercover police officer, defense counsel affirmatively agreed to similar closure during the testimony of a second undercover officer without an additional *Hinton* hearing. The right to a public trial may be waived by failure to make appropriate objection (*see, People v Pollock*, 50 NY2d 547, 550; *People v Marathon*, 97 AD2d 650; *see also, Levine v United States*, 362 US 610, 619).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.