■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CHRISTOPHER PORCO, Defendant. [816 NYS2d 361]—

Motion by the defendant for a change of venue of the trial of Albany County indictment No. DA848/05 from the County Court, Albany County, to another venue.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and the venue of the trial of Albany County indictment No. DA848/05 is transferred from the County Court, Albany County, to the County Court, Orange County.

It is unusual to grant a change of venue before voir dire, because the "voir dire is generally the most effective means for determining whether a fair and impartial jury can be impaneled. Nevertheless, it may not always successfully root out prejudice and therefore does not always guarantee the right to a fair trial." (*People v Boudin*, 90 AD2d 253, 256 [1982]; *see Groppi v Wisconsin*, 400 US 505, 510 [1971]; *see also People v Boss*, 261 AD2d 1, 6-7 [1999].) Where, as here, there has been "intensive, localized, continuing and prejudicial publicity surrounding [the defendant's] prosecution" (*People v Boudin, supra* at 258), a change of venue may be appropriate before voir dire.

Under the highly unusual circumstances surrounding this case, including the identity of the victims, the nature of the crime, and the intense, localized, and prejudicial pretrial publicity, we conclude that a change of venue of the trial from the County Court, Albany County, to the County Court, Orange County, is appropriate (*see People v Boudin, supra*; *People v Pratt*, 27 AD2d 199 [1967]; *People v Luedecke*, 22 AD2d 636 [1965]). Florio, J.P., Miller, Schmidt and Adams, JJ., concur.