Claude Jason **LEWIS**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10116.

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1965.

Decided Nov. 2, 1965.

Melvin R. Manning, Richmond, Va. (Court-assigned counsel) [Simpkins, McCaul & Pearsall, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Robert Y. Button, Atty. Gen., of Virginia, on brief), for appellee.

Before BRYAN and J. SPENCER BELL, Circuit Judges, and MARTIN, District Judge.

J. SPENCER, BELL, Circuit Judge:

The petitioner appeals from a denial of the writ of habeas corpus. The facts show that court was convened in the Tazewell County Courthouse on August 21, 1961; that without any order of record, the judge, the prosecutor, the sheriff, court appointed defense counsel and the petitioner next appear at the home of the prosecutrix which was located near the Town of Pocahontas, an old and nearly abandoned mining village in a sparsely settled rural area of Virginia—some 25 to 30 miles from Tazewell. There, the judge (the petitioner had waived a jury) heard the testimony of the prosecutrix, who was 87 years old and bedridden; her nephew; and the accused, which was apparently all of the testimony taken in the case. There is uncontradicted testimony by the accused that neighbors were told to leave the tiny bedroom in order to make space for the court officials. The state concedes that the petitioner is of low intelligence and that "his comprehension of that which occurs is very poor." The petitioner was sentenced to serve thirty years in the Virginia State Penitentiary.

The Virginia statutes (Section 18.1–47 Code of Virginia) permit the taking of the deposition of a prosecutrix in a rape case in the discretion of the court by court order with the usual formalities. No order was entered in this case, and we cannot accept the belated contention that the conduct here indulged was a harmless substitute for that procedure.

■ Whatever may have been the intent of the parties, the fact remains that the defendant's trial for a capital offense violated the due process clause of the Fourteenth Amendment which includes the Sixth's command that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public

trial \* \* \*." In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1947). The right to a public trial is not only to protect the accused but to protect as much the public's right to know what goes on when men's lives and liberty are at stake, for a secret trial can result in favor to as well as unjust prosecution of a defendant. Thus, we would be loath to hold that an accused may waive his right to a public trial,[1] but this question is not before us for it is obvious that the petitioner did not, even if he could, intelligently waive such a right.

The order of the district court is reversed and the matter remanded for entry of an order compatible with this opinion.

Reversed.

1. But see Geise v. United States, 265 F. 2d 659 (9 Cir. 1959), cert. denied, 361 U.S. 842, 80 S.Ct. 94, 4 L.Ed.2d 80, and United States v. Sorrentino, 175 F.2d 721 (3 Cir. 1949), cert. denied, 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532.