Burke, J.
The question posed is whether the defendant was deprived of his right to a public trial when the trial court excluded the public from the courtroom during the entire testimony of one of the prosecution’s key witnesses.
After a jury trial, defendant was convicted on two counts of selling a dangerous drug in the second degree and two counts of criminal possession of a dangerous drug. Previously, defendant pleaded guilty to one count of criminal possession of a dangerous drug in a prior indictment. At the trial, the prosecution’s main witness was an undercover agent who posed as an addict when making the narcotic purchases from defendant. Prior to the agent’s taking the stand, the District Attorney requested the trial court to exclude the public and cited the following reasons: (1) the undercover agent was still operating actively in the community; (2) that other narcotic investigations were pending; (3) that other targets in these narcotic investigations were present in the courtroom, thus jeopardizing the agent’s life if his identity were exposed. An objection was entered, the public excluded and the agent testified.
The issue, then, is whether this exclusion violated defendant’s right to a public trial. We think not. Public trials, of necessity, serve a twofold purpose. They safeguard an accused’s right to be dealt with fairly and not to be unjustly condemned (Estes v. Texas, 381 U. S. 532, 539; 1 Cooley, Constitutional Limitations [8th ed], p. 647) and concomitantly, serve to instill a sense of public trust in our judicial process by preventing the abuses of secret tribunals as exemplified by the Inquisition, Star Chamber and lettre de cachet (Matter of Oliver, 333 U. S. 257, 270, n. 24; Lewis v. Peyton, 352 F. 2d 791, 792 [4th Cir.]; United States v. Lopez, 328 F. Supp. 1077, 1087 [EDNY]). Not only the defendant himself, but also the public at large has a vital stake in the concept of a public trial.
The guarantee of a public trial*, firmly embedded in our jurisprudence (People v. Jelke, 308 N. Y. 56, 61; Radin, The Right to a Public Trial, 6 Temple L. Q. 381) does not mean that the public is entitled to be present at the trial under all cireum *74 stances (1 Cooley, Constitutional Limitations [8th ed.], p. 647, supra; 6 Wigmore, Evidence [3d ed.], § 1835, p. 337) and this right is subsumed “ in certain situations in the interests of sound judicial administration ” (Matter of United Press Assns. v. Valente, 308 N. Y. 71, 83). As Chief Judge Fuld (then Judge Fuld) so eloquently stated in People v. Jelke (308 N. Y. 56, 63, supra): “ The public trial concept has, however, never been viewed as imposing a rigid, inflexible straitjacket on the courts. It has uniformly been held to be subject to the inherent power of the court to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice.” That a trial court has the inherent power to exclude the public from the courtroom in a criminal case is well settled. The exclusion might be prompted for any one of a number of reasons. The public has been excluded when the exhibition of certain evidence was offensive, or a witness would be unnecessarily embarrassed, or a scandalous trial would affect young people or a witness would thereby be enabled to testify to the material facts of a case. (Lancaster v. United States, 293 F. 2d 519 [D. C. Cir.]; Geise v. United States, 262 F. 2d 151 [9th Cir.]; United States v. Kobli, 172 F. 2d 919 [3d Cir.] People v. Byrnes, 84 Cal. App. 2d 72; State v. Poindexter, 231 La. 630; State v. Schmit, 273 Minn. 78; Commonwealth v. Principatti, 260 Pa. 587; State v. Holm, 67 Wyo. 360. See cases collected, Ann. — Criminal Trial — Exclusion of Public, 48 ALB 2d 1436 [Later Case Service] ; 5 Wharton’s Criminal Law and Procedure, § 2029, pp. 172-174; Note, The Bight to a Public Trial in Criminal Cases, 41 N. Y. U. L. Rev. 1138,1144-1146.)
This discretionary power of the trial court was recently recogr nized in United States ex rel. Bruno v. Herold (408 F. 2d 125 [2d Cir., per Moore, J.]). Bruno involved a writ of habeas corpus challenging a State court trial in which the Trial Judge cleared the courtroom. Gang members, present in the courtroom, were menacing the People’s sole identification witness, thereby necessitating the exclusion. In finding no Sixth Amendment violation, Judge Moore noted that in this unusual situation “ the interest of the prosecution, the defendant and the witness equally had to be protected. Discretion * * * had to be exercised by the judge responsible for the conduct of the trial.” *75 (408 F. 2d, at p. 127.) Reliance was placed upon United States ex rel. Orlando v. Fay (350 F. 2d 967 [2d Cir., per Lumbard, J.]). Orlando, also a habeas corpus proceeding, presented a situation where defendant’s family -and sympathizers were attempting to intimidate and harass the witnesses at the trial. The Second Circuit determined that the Trial Judge’s discretion in closing the courtroom under those circumstances was soundly exercised and that no Sixth Amendment violation occurred. (See United States v. hopes, 328 F. Supp. 1077, 1087 [EDNY], supra.)
A recent example of where we sanctioned the closing of the courtroom may be found in People v. Hagan (24 N Y 2d 395, cert. den. 396 U. S. 886). There, a witness feared for his life if he testified publicly. The same precise issue as in the instant case was presented when the trial court excluded the public from the courtroom during the witness’ testimony. We held that: “In the balancing of policy and of interest if, for a good •reason related directly to the management of the trial, the Judge closes the courtroom as to the testimony of a witness and otherwise keeps it open to the press and public, a defendant is not necessarily deprived of a ‘ public ’ trial.” (24 N Y 2d, at pp. 397-398). Indeed, the exact circumstances as in the instant case were present in People v. Pacuicca (134 N. Y. S. 2d 381, affd. 286 App. Div. 996) wherein spectators were excluded from the courtroom while a police witness, engaged in other narcotics investigations, and whose identity was unknown to the public, testified. The rationale offered in Pacuicca for the exclusion waá to shield the identity of the witness from the public and to preserve not only her future usefulness, but also her life. In the case at bar, we have the added factor that the very targets of the agent’s other investigations were present in the courtroom, thereby constituting a peril to the agent’s life. Cases as People v. Tillery (36 A D 2d 928) and People v. Outcalt (32 A D 2d 971) are inapposite and can be distinguished. These held that the exclusions violated defendants’ rights to a public trial because no special circumstances were demonstrated warranting an exclusion. Such is not the case herein where the very presence of other investigatory targets posed a threat to the agent’s life. While we reaffirm today the inherent discretionary power of the trial court to close the courtroom, we need *76 only point out that the discretion he sparingly exercised and then, only when unusual circumstances necessitate it. (Cf. Matter of Oliver v. Postel, 30 N Y 2d 171.)
Defendant’s other objections need but little consideration. We find no reversible error in the trial court’s refusal to grant defendant an adjournment. The record indicates that defense counsel was familiar with the law of narcotics sales and had sufficient time to prepare for trial (cf. People v. Snyder, 297 N. Y. 81; People v. McLaughlin, 291 N. Y. 480). Defendant’s objection to the trial court’s examination of the police witness is palpably without merit as it is well established that a ‘ Trial Judge in criminal matters may take an active part in the examination of witnesses where questioning is necessary to elicit significant facts, to clarify or enlighten an issue or merely to facilitate the orderly and expeditious progress of the trial”. (People v. Mendes, 3 N Y 2d 120, 121; see People v. Ohanian, 245 N. Y. 227, 232; People v. Knapper, 230 App. Div. 487, 489-490.)
Accordingly, the order of the Appellate Division affirming the judgment of conviction should be affirmed.
Chief Judge Fvld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed.

 The right to a public trial is guaranteed by the U. S. Const., 6th Arndt., now applicable to the States, Duncan v. Louisiana, 391 U. S. 145, 148; Matter of Oliver v. Postel, 30 N Y 2d 171, 178. See, also, Judiciary Law, § 4; Civil Rights Law, § 12; former Code Crim Pro., § 8.