■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MARTIN, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 23, 1974, convicting defendant, after a jury trial, of criminally selling a dangerous drug in the third degree, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed. Appellant was arrested some seven and one-half months after he allegedly sold two $3 bags of heroin to an undercover officer in a Bronx bar. The People contend that the sale was made after an undisclosed confidential

informant introduced defendant and the officer. The informer was present before and after the transaction was consummated, but not while the exchange actually took place in the bar's bathroom. The seller required some two and one-half hours to conclude the sale, during which time the officer made another "buy" at a different tavern in the same vicinity. The trial court refused defense counsel's repeated requests for disclosure of the informer's identity. Instead, it held an *in camera* interview with the informer and reported that such disclosure would not assist a defense of misidentification. Under the circumstances of this case, we believe disclosure of the informant should have been granted. The transaction occurred in a public bar more than seven months prior to arrest. The officer's original description of the seller was general. He requested the informer's presence on the day of the arrest, from which an inference of the need for confirmation of an identification could be drawn. In sum, a sufficiently close identity question was presented to require a full confrontation. (Cf. *People v Goggins,* 34 NY2d 163.) In view of the foregoing, we will not deal at length with the other assignments of error raised hereon. But on the retrial, we anticipate the establishment of a legitimate basis for exclusion of the public during the undercover officer's testimony before the same is directed (cf. *People v Hinton,* 31 NY2d 71); and the avoidance of any impermissible bolstering of identification testimony or improper reference to defendant's failure to present a defense. Concur—Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.