GANNETT COMPANY,
INCORPORATED,
Petitioner,

v.

Honorable Harold P. BURKE, United States District Judge for the Western District of New York, Respondent.

UNITED STATES of America, Plaintiff,

v.

John R. PARRINELLO et al., Defendants.

No. 76–3085.

United States Court of Appeals, Second Circuit.

Argued Dec. 30, 1976.

Submitted Jan. 4, 1977.

Decided Jan. 6, 1977.

On Petition for Rehearing March 4, 1977.

John B. McCrory, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for Gannet Co., Inc.

Edward H. Levi, Atty. Gen., Dept. of Justice, Washington, D. C., Richard J. Acara, U. S. Atty. for the Western District of N. Y., Lloyd George Parry, Dept. of Justice Atty., Organized Crime Strike Force, Buffalo, N. Y., Gregory A. Baldwin, Dept. of Justice Atty., Organized Crime Strike Force, Rochester, N. Y., for respondent.

George W. Conaty, Jr., Rochester, N. Y., for Michael W. Roche.

John F. Speranza, Rochester, N. Y., for Daniel L. Bookless.

Newman & Newman, Cleveland, Ohio, for Donald R. Dileno; Anthony R. Palermo, Rochester, N. Y., of counsel.

Before MOORE, TIMBERS and OAKES, Circuit Judges.

OAKES, Circuit Judge (dissenting):

I emphatically dissent from the summary denial, without hearing or response, of the petition for mandamus. On or about December 8, 1976, the district court sealed the files in three pending criminal cases at the request of a Government attorney. It did so by verbal order, without a hearing, findings, or justification of any kind. In an appropriate case with proper findings, after an evidentiary hearing or judicial notice of indisputable facts, it may be proper for a court to seal certain records or papers, the revelation of which might, for example, endanger a witness's safety, see *United States ex rel. Lloyd v. Vincent,* 520 F.2d 1272, 1274 (2d Cir.), cert. denied, 423 U.S. 937, 96 S.Ct. 296, 46 L.Ed.2d 269 (1975). But only a few months ago the Supreme Court made it clear, in a case involving a pretrial "gag" order (an order that was, in some respects, of less inclusive sweep than the present one), that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights" and that "the protection against prior restraint should have particular force as applied to reporting of criminal proceedings . . . ." *Nebraska Press Association v. Stuart,* 427 U.S. 539, 559, 96 S.Ct. 2791, 2802, 2803, 49 L.Ed.2d 683 (1976). The public at large has "a vital stake in the concept of a public trial." *People v. Hinton,* 31 N.Y.2d 71, 73, 334 N.Y. S.2d 885, 887, 286 N.E.2d 265, 266 (1972), cert. denied, 410 U.S. 911, 93 S.Ct. 970, 35 L.Ed.2d 273 (1973). "[A] secret trial can result in favor to as well as unjust prosecution of a defendant." *Lewis v. Peyton,* 352 F.2d 791, 792 (4th Cir. 1965). See also In re *Oliver,* 333 U.S. 257, 270–71, 68 S.Ct. 499, 92 L.Ed. 682 (1948) (Black, J.); *United States ex rel. Bennett v. Rundle,* 419 F.2d 599, 606 (3d Cir. 1969) (suppression hearing must be public).

These vital considerations require that any order of cloture be made only after

examination of less restrictive alternatives, *Nebraska Press Association v. Stuart, supra*, 427 U.S. 539, 96 S.Ct. at 2804–05, and on the basis of established fact, *United States ex rel. Lloyd v. Vincent, supra*, 520 F.2d at 1275. The trial judge here did not meet the "heavy burden imposed as a condition to securing a prior restraint," *Nebraska Press Association*, 427 U.S. at 570, 96 S.Ct. at 2808, and by not requiring him to do so, this court is, in my view, countenancing a very serious First Amendment breach. *See In re Washington Post Co.*, No. 76–1695 (4th Cir. July 19, 1976) (mandamus issued to lift seal of record in *United States v. Mandel*).

## ON PETITION FOR REHEARING

### ORDER

On petition for rehearing, it coming to the attention of the court that by agreement of the parties and the court the verbal order sealing the records in three pending criminal cases was dissolved, this court's order denying the petition for mandamus is therefore withdrawn and the petition dismissed as moot.