OPINION OF THE COURT
Eugene L. Nardelli, J.
Defendants, Danny Montenegro and Luis Serrano, were charged in Indictment No. 224/81 with a top count of robbery in the first degree, inter alia. Mr. Montenegro was also charged alone, in Indictment No. 226/81 with a single count of criminal possession of a weapon in the third degree.
There were extensive plea negotiations before this court, the People, and the defendant Montenegro. An agreement was reached whereby Montenegro would receive a promise of two sentences of 2 to 6 years to run concurrently if he would plead guilty to one count of attempted robbery in the first degree under Indictment No. 224/81, and one count of criminal possession of a weapon in the third degree under Indictment No. 226/81. However as a condition to accepting the plea, the People requested Montenegro to allocute as to Serrano’s participation in the robbery under Indictment No. 224/81. The reason being that this would prevent Montenegro from taking the sole blame for the robbery if called as a witness for Serrano at trial, thus, exonerating Serrano of any wrongful acts. In exchange for this testimony as to Serrano’s involvement in the robbery, the People consented not to call Montenegro to the stand as a witness against Serrano.
Counsel for Montenegro, with the consent of his client, agreed to these terms, however, he then requested the *854 courtroom be closed during the plea allocution and the record sealed. He stated that Montenegro would fear for his safety if required to inculpate Serrano during the colloquy while either Serrano and/or his counsel were present in court. The People joined in this application.
At this point, defense attorney for Serrano objected requesting that he and his client be allowed to be present during Montenegro’s entering of a plea.
Upon all of the facts and circumstances known to this court at the time, defendant’s motion to close the courtroom and seal the record was granted.
The law in this State is that all judicial proceedings, both civil and criminal, are presumptively open to the public (Judiciary Law, §4), and a proceeding in which a defendant enters a plea of guilty is indisputably considered as a substitute for a trial. The right to insist on a public trial, however, is primarily that of the accused and not third parties even though they may have an interest in the proceedings. It is the defendant who suffers directly when deprived of public vigilance against the possibility of abuse either by the prosecution or the judiciary. (Matter of Gannett Co. v De Pasquale, 43 NY2d 370.) But this assumes that public access in a given case would pose no threat or menace to the integrity of the trial. (Craig v Harney, 331 US 367.) If this threat exists, the public does not have an absolute right to attend all stages of all criminal trials. (Matter of Gannett Co. v De Pasquale, supra, at p 377.)
It has always been the inherent power of the court to preserve order and decorum in the courtroom, to protect the rights of a party or a witness, and generally to further the administration of justice. (People v Jelke, 308 NY 56.) This power has been used to protect a witness’ identity or life, or delicate emotional state. (People v Hinton, 31 NY2d 71; People v Hagan, 24 NY2d 395; People v Smallwood, 31 NY2d 750.) This should equally be applicable to a defendant who wishes to plead guilty and must admit his involvement as well as state the involvement of codefendants in order to receive the benefits of a negotiated plea.
In this case, Montenegro’s fear for his safety was realistic since a conviction of Serrano (or even a change in bail conditions which did in fact subsequently occur) could *855 place Serrano and Montenegro in the same jail facility. Though an administrative segregation is a possibility, its efficacy is questionable.
Counsel for Serrano was rightfully concerned at being excluded since something could be said (or not said) by Montenegro which would be exculpatory and helpful to the defendant. However, this did not occur, and if it had, the court would have had a duty to rescind its order and provide counsel with a transcript of the proceedings. The People likewise have a duty to disclose any exculpatory statements. To the contrary, Montenegro made a full statement implicating Serrano in the crime of robbery as contained in the indictment. Clearly under these facts there does not appear to be any prejudice to Serrano’s case. Subsequently, counsel for Montenegro agreed to provide a copy of the plea minutes with the consent of the People and the court, thus rendering the issue moot.