■ The People of the State of New York, Respondent, v Carlos Rodriguez, Appellant. [618 NYS2d 335] —Judgment of the Supreme Court, New York County (Frederic S. Berman, J.), rendered February 16, 1993, which convicted defendant, after jury trial, of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and which sentenced him to concurrent indeterminate terms of imprisonment of from 5½ to 11 years for the sale and third degree possession counts, and from 3½ to 7 years for the fifth degree possession count, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

Defendant was arrested as part of a buy and bust operation in the area of 52nd Street and Ninth Avenue on July 13, 1992, at approximately 9:55 p.m. An undercover officer approached defendant and was asked what he wanted. When the officer stated he wanted heroin, defendant retrieved a glassine envelope from behind a nearby garbage can and sold it to the

officer. Defendant was arrested by the officer's field team, which recovered ten glassine envelopes containing heroin and three small ziplock bags of cocaine from a box on the garbage can. The undercover officer confirmed that defendant was the person who sold him the heroin in a drive-by, confirmatory identification. A pre-recorded twenty dollar bill used to make the purchase was not recovered.

The sole issue on appeal is the propriety of closing the trial to the public while the officer gave testimony. At the *Hinton (People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) hearing, the undercover officer testified that he was assigned to the Brooklyn North Narcotics Unit. In July 1992, he was placed on a two-week special undercover assignment in New York County, during which he participated in a number of narcotics transactions resulting in arrests. At least one of the cases was still pending and would require the officer's testimony should a trial be necessary.

The officer further testified that there was a possibility he would be stationed in New York County in the future, that he had been threatened in the past in connection with undercover work and that he feared for his safety. On cross-examination, the officer admitted he had not been threatened in this case or in any other case arising out of his brief assignment in New York County. At the conclusion of the hearing, the court held that it would seal the courtroom during the officer's testimony.

It is settled that a criminal defendant's fundamental right to a public trial (US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) "may give way in certain cases to other rights or interests" *(Waller v Georgia,* 467 US 39, 45). The United States Supreme Court stated the criteria for closing proceedings to the public over defense objection: "[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure" *(Waller v Georgia,* 467 US, *supra,* at 48).

While the termination of the officer's undercover assignment "would not necessarily have precluded the court from granting the request to close" *(People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946), there remains a question of whether closing the courtroom was "preceded by an inquiry careful enough to assure the court that the defendant's right

to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones, supra,* at 414-415; *see, Waller v Georgia, supra,* at 45; *People v Hinton, supra,* at 73). In this regard, the burden falls upon the People to demonstrate that the witness is still endangered or that the testimony to be given would threaten the integrity of another case *(People v Jones, supra,* at 414-415). The record in this matter does not support either a finding that the witness continued to be involved in undercover work in the community or that an ongoing investigation would have been compromised if the undercover officer had testified in open court *(People v Martinez,* 82 NY2d 436, 441). Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.