■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY FULLER, Appellant. [624 NYS2d 439] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered June 16, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The factual showing at the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), was sufficient to support closure of the courtroom during the undercover officer's testimony *(see, People v Martinez,* 82 NY2d 436). It was established that the undercover officer continued to work as an undercover officer, that he was presently involved in several ongoing investigations, including some that involved the area where the defendant was arrested, and that the integrity of those operations as well as his own personal safety would be compromised if his identity were to become public *(see, People v Martinez, supra; People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.