ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 28, 1996 (*People v Mancuso,* 232 AD2d 659), affirming so much of an order of the Supreme Court, Kings County, dated December 10, 1993, as adhered to a prior order of the same court dated November 13, 1992, denying his motion to vacate a judgment rendered May 11, 1978.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MANCUSO, Appellant. [672 NYS2d 765] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 28, 1996 (*People v Mancuso,* 232 AD2d 658), reversing an order of the Supreme Court, Kings County, dated April 30, 1996, which vacated a judgment of the same court rendered May 11, 1978.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM MANLEY, Appellant. [672 NYS2d 766] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered January 31, 1996, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. [672 NYS2d 768] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered April 9, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) when the trial court closed the courtroom to the public during an undercover police officer's testimony. The officer's testimony at the *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), was insufficient to satisfy the criteria of *People v Martinez* (82 NY2d 436). Accordingly, the trial court erred in directing closure of the courtroom, and a new trial is required (*see, People v Martinez, supra; People v Smith,* 216 AD2d 335).

In light of our determination that a new trial is required, it is unnecessary to address the defendant's remaining contentions. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.