**Enrique DIAZ, Petitioner–Appellant,**

v.

**Edward R. DONNELLY, Superintendent, Wende Correctional Facility; Eliot Spitzer, New York State Attorney General, Respondents–Appellees.**

No. 00–2635.

United States Court of Appeals, Second Circuit.

Dec. 23, 2002.

Martin M. Lucente, Legal Aid Society, Criminal Appeals Bureau, New York, NY, for Appellants.

Sholom J. Twersky, Assistant District Attorney (Leonard Joblove, Victor Barall, Assistant District Attorneys, Charles J. Hynes, District Attorney, Kings County, on the brief), Brooklyn, NY, for Appellees.

PRESENT: WALKER, Chief Judge, OAKES, and MINER, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 23rd day of December, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Enrique Diaz appeals from the September 20, 2000 judgment of the district court denying his petition for a writ of habeas corpus. Diaz claims that the state trial court had denied him his Sixth Amendment right to a public trial when it improperly excluded his family members from the courtroom during the trial testimony of an undercover officer. The Appellate Division ruled that Diaz's claim was "unpreserved for appellate review since the defendant failed to object when the court, following a hearing, granted the People's application for closure." *People v. Diaz*, 265 A.D.2d 489, 696 N.Y.S.2d 705, 705 (N.Y.App.Div.1999) (mem.). Leave to appeal to the New York Court of Appeals was denied on December 6, 1999. *People v. Diaz*, 94 N.Y.2d 861, 704 N.Y.S.2d 537, 725 N.E.2d 1099 (1999). The district court denied Diaz's petition on the basis of the procedural default. *Diaz v. Donnelly*, No. 00–CV–1851, 2000 WL 1364350 (E.D.N.Y. Sept. 12, 2000).

We review the district court's denial of a petition for writ of habeas corpus *de novo* and its factual findings for clear error. *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir.2002) (citation omitted). In deciding a habeas petition we "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). New York applies a contemporaneous objection rule that requires an objection to a ruling "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y.Crim. Proc. Law § 470.05(2). Under this rule, a party must have brought an issue to the trial court's attention "at a time and in a way that gave [the court] the opportunity to remedy the problem and thereby avert reversible error," and "fairly apprise[d] the court and the opposing party of the nature and scope of the matter contested." *Garcia v. Lewis*, 188 F.3d 71, 78 (2d Cir.1999) (citation omitted); *see also Osborne v. Ohio*, 495 U.S. 103, 124–25, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).

As Diaz argues, New York courts have enforced a "special concern" about excluding family members from the courtroom, requiring reasons documented in the record for barring them. *People v. Nieves*, 90 N.Y.2d 426, 660 N.Y.S.2d 858, 683 N.E.2d 764, 766 (N.Y.1997); *see also In re Oliver*, 333 U.S. 257, 271–72, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *English v. Artuz*, 164 F.3d 105, 108 (2d Cir.1998). We recently have held that a "heightened showing" must be made for the exclusion of family members. *Yung v. Walker*, 296 F.3d 129, 136 (2d Cir.2002). In any event, defense counsel never apprised the court that he objected to barring the family members from the court, and in fact, never even mentioned the word "family." When the court asked about closing the court for the *Hinton* hearing, the prosecutor answered that she wanted to bar the family members from the hearing, but she never mentioned barring them specifically for the trial. *See People v. Hinton*, 31 N.Y.2d 71, 334 N.Y.S.2d 885, 286 N.E.2d 265 (1972). Defense counsel objected, and the court then sought to clarify the nature of the defendant's objection by asking which application the defendant objected to—closing the court for the *Hinton* hearing or for trial. Defense counsel asked the judge to deny the prosecutor's application to close the court "with respect to ... any part of

the trial," generally citing the right to a fair and open trial under the constitutions of the United States and New York. He then admitted that he was "not quite sure [he] unders[tood] what [was] going on." The court explained that it would rule on the *Hinton* hearing first, and asked whether counsel consented to excluding the two family members for the hearing. Defense counsel acceded "for the purposes of the hearing." Defense counsel did not ask the undercover officer any questions, and in particular, asked no questions about why the two family members should be excluded. When counsel stated at the end of the hearing that he wanted "to rely on the record," that record included nothing to put the court on notice about the special concern for barring family members or about the sufficiency of the evidence for closing the court for the officer's testimony.

When the court granted the motion for sealing the courtroom from the general public, it offered explanations that pertained only to the general public. The court did not indicate explicitly that the family members were excluded, and defense counsel did not ask to clarify whether the court had excluded them. Given this record, it is not clear whether the court actually had barred the defendant's family, nor whether the court was aware that its ruling would have this practical effect. Even if the court had excluded the two family members, defense counsel never gave the trial court an opportunity to correct the problem, nor the prosecution a chance at trial to respond to the defense's arguments against excluding them. Accordingly, we conclude that the New York Appellate Division had a "fair and substantial basis" for ruling that Diaz's public trial claim was unpreserved because he failed to object when the court granted the application for closure.

Finally, Diaz argues that New York courts do not apply the contemporaneous objection rule "evenhandedly," as required by *Garcia* to constitute an independent and adequate state procedural bar. *Garcia*, 188 F.3d at 77. The district court thoroughly evaluated the cases offered by Diaz in support of this claim, and properly concluded that the claim was "unpersuasive." *See Donnelly*, 2000 WL 1364350, at *7–*8 & n. 7.

For the foregoing reasons, the judgment of the district court is AFFIRMED.