OPINION OF THE COURT
Larry M. Himelein, J.
By omnibus motion filed September 19, 2006, defendant has moved for court inspection of the grand jury minutes and a dis *322 missal if the evidence is insufficient or if the proceedings were somehow defective. While the evidence was legally sufficient, the court believes that the procedure utilized by the People during the presentation of the evidence was defective and prevented the grand jury from doing something only the grand jury can do: assess the credibility of witnesses.
The police officers who testified were hidden behind a screen in order to “preserve their identity.” The court has never seen this done before and has found no authority on this precise issue. In People v Hinton (31 NY2d 71 [1972]), the Court of Appeals held proper the closing of a courtroom to the public during the testimony of an undercover agent who was still operating actively in the community at the time he testified. However, the identity of the witness was not concealed from the jury. In People v Jones (96 NY2d 213 [2001]), the Court found that posting a court officer as a screening device during the testimony of an undercover officer as an alternative to closing the courtroom can be permissible upon a careful balancing of various factors (see also Waller v Georgia, 467 US 39 [1984]). Again, however, the witness was not concealed from the factfinder.
In Matter of Goldberg v Extraordinary Special Grand Juries of Onondaga County (69 AD2d 1 [4th Dept 1979]), the Court authorized a procedure that would protect the identity of witnesses who were appearing before the grand jury, not by concealing the witnesses from the grand jurors but by concealing them from other witnesses and attorneys who were attempting to discover who was testifying before the grand jury. Again, however, that does not have anything to do with concealing the witness from the factfinder. In People v Cintron (75 NY2d 249 [1990]), the Court held that allowing a child witness in a sex case to testify by way of two-way television testimony was not facially invalid provided there was a finding that the child would suffer severe mental or emotional harm if the child was required to testify in the courtroom. However, even there, the child is not concealed from the jury; the jury is still able to view the child as he or she is questioned and make its own determination as to the credibility of the testimony.
The New York State Constitution (art I, § 6) mandates prosecution by grand jury indictment unless the procedure is waived by the defendant. In none of the cited cases was a witness concealed from the very people who are required to assess the witness’ testimony. CPL 190.25 provides that the grand jury is the exclusive judge of the facts with respect to any matter that *323 comes before the grand jury. The charge the court gives the grand jury provides that the grand jury must judge the credibility of each witness who appears before the grand jury. It is this responsibility of the grand jury to assess each witness, observe them as they testify and draw conclusions about their credibility that leads the court to conclude that the procedure employed by the District Attorney in this case cannot be sustained. Concealing a witness from the grand jury prevents the grand jury from making the full credibility assessment the grand jury must make to perform its responsibilities under the Criminal Procedure Law and the New York State Constitution.
The court also notes that the People made no effort to justify this procedure by making a record or seeking court approval. Whether the procedure would be permissible under some circumstances, however dubious, is not addressed here.
Accordingly, the indictment is dismissed with the People granted permission to take whatever remedial action they deem appropriate.