■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK FLOYD, Also Known as DERRICK DA'WON FLOYD, Also Known as DWON, Also Known as WON, Appellant. [846 NYS2d 537]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 11, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in

the second degree (Penal Law former § 265.03 [2]). Defendant contends that Supreme Court erred in closing the courtroom during the testimony of a prosecution witness who had expressed fear for his safety if he testified before defendant's family and friends. Closure is appropriate when " 'the party seeking to close the [proceeding] . . . advance[s] an overriding interest that is likely to be prejudiced, the closure [is] no broader than necessary to protect that interest, the trial court [has] consider[ed] reasonable alternatives to closing the proceeding, and [the court] make[s] findings adequate to support the closure' " (*People v Frost*, 100 NY2d 129, 137 [2003], quoting *Waller v Georgia*, 467 US 39, 48 [1984]). Defendant does not dispute that the first prong was met, and we reject his contention that the remaining prongs were not met. The court ensured that the closure was no broader than necessary in that it closed the courtroom only during the testimony of that witness, and it made exceptions for, inter alia, defendant's mother and members of the media. The court's failure to consider alternatives to closure "is not error [inasmuch as] the record was sufficient to support closure of the courtroom and . . . defense counsel did not advocate for any less restrictive options" (*id.* at 137-138; *see People v Ramos*, 90 NY2d 490, 504 [1997]). Finally, the court made findings sufficient to support the closure at the conclusion of the hearing conducted pursuant to *People v Hinton* (31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]) to determine whether closure was appropriate.

We reject defendant's further contention that the court erred in conducting the *Hinton* hearing ex parte. The *Hinton* hearing "did not constitute a material stage of the trial during which defendant's presence was required" (*People v Wood*, 259 AD2d 777, 779 [1999], *lv denied* 93 NY2d 1007 [1999]; *see People v Olivero*, 289 AD2d 1082 [2001], *lv denied* 98 NY2d 639 [2002]; *People v Ramirez*, 192 AD2d 382 [1993], *lv denied* 81 NY2d 1078 [1993]; *People v Delancey*, 173 AD2d 838 [1991], *lv denied* 78 NY2d 1075 [1991]). We note that, although the better practice would have been to allow defense counsel to be present during the hearing, reversal is not warranted under the circumstances of this case (*see Frost*, 100 NY2d at 134-135; *People v Vargas*, 88 NY2d 363, 379 [1996]). The People stated that the witness had been threatened on two occasions by strangers who were attempting to dissuade him from testifying, and the witness in fact did not comply with a subpoena to testify before the grand jury because he feared for his safety. There was also no deprivation of the right of the defendant to confront and cross-examine witnesses against him (*see Frost*, 100 NY2d at 134-135). Defense counsel was afforded the opportunity to submit

questions for the witness at the *Hinton* hearing, but he declined to do so (*cf. id.* at 135). In addition, "[t]he evidence at the ex parte hearing did not bear on defendant's guilt or innocence but rather [focused] on the safety of the witness and was unrelated to factual issues presented at trial" (*id.*).

Defendant next contends that his right to a fair trial was violated by the prosecutor's cross-examination of an alibi witness in the absence of a proper foundation for that cross-examination. Here, the People laid the proper foundation for impeaching the credibility of that alibi witness through the use of her prior silence by establishing "that the witness was aware of the nature of the charges pending against the defendant, had reason to recognize that [she] possessed exculpatory information, had a reasonable motive for acting to exonerate the defendant and, finally, was familiar with the means to make such information available to law enforcement authorities" (*People v Dawson*, 50 NY2d 311, 321 n 4 [1980]; *see People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v Cain*, 9 AD3d 827 [2004], *lv denied* 3 NY3d 671 [2004]). The record does not support defendant's contention that the People failed to establish that the witness was familiar with the means to make the information available to the police. The witness testified that she knew the location of the police headquarters and that she in fact had telephoned the police on a prior occasion.

We reject defendant's contention that the photo array identification procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). Although the police detective who conducted the identification procedure testified that she told the witnesses, who viewed the array at different times, to look at the photographs and pick out the person that they saw shoot the gun, she further testified that she did not tell the witnesses that they must make an identification, nor did she state that the photo array contained a photograph of the suspect. In any event, "advising a witness that a photograph of the suspect is included in the array 'is not fatal to the propriety of the procedure' " (*People v Brennan*, 261 AD2d 914, 915 [1999], *lv denied* 94 NY2d 820 [1999]).

Contrary to defendant's contention, the court conducted a sufficient *Gomberg* inquiry once it became aware that defense counsel had previously represented a prosecution witness (*see generally People v McDonald*, 68 NY2d 1, 8-9 [1986], *rearg dismissed* 69 NY2d 724 [1987]). Defendant informed the court that he wanted defense counsel to continue to represent him, and it thus cannot be said that defendant was denied effective

assistance of counsel (*see People v Walker*, 2 AD3d 1358, 1359 [2003], *lv denied* 3 NY3d 650 [2004]; *People v Smith*, 306 AD2d 858, 860 [2003], *lv denied* 100 NY2d 587 [2003]). In any event, reversal would not be required based on the court's allegedly insufficient inquiry inasmuch as "there is no indication here that the potential conflict bore a 'substantial relation' to the representation" (*People v Harris*, 99 NY2d 202, 211 [2002]; *see People v Botting*, 8 AD3d 1064, 1065-1066 [2004], *lv denied* 3 NY3d 671 [2004]). Contrary to the further contention of defendant, the court did not err in denying his *Batson* challenge. The court properly determined that the prosecutor's explanation for exercising a peremptory challenge with respect to a prospective juror was race-neutral, and defendant failed to meet his ultimate burden of establishing that the explanation was pretextual (*see People v Johnson*, 38 AD3d 1327 [2007], *lv denied* 9 NY3d 866 [2007]; *People v Scott*, 32 AD3d 1178, 1180 [2006], *lv denied* 8 NY3d 884 [2007]; *see generally People v Smocum*, 99 NY2d 418, 422 [2003]). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.