[944 NE2d 645, 919 NYS2d 109]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAMPBELL, Appellant.

Argued January 6, 2011; decided February 15, 2011

**APPEARANCES OF COUNSEL**

*Davis Polk & Wardwell LLP*, New York City (*Katharine M. Atlas* of counsel), and *Office of the Appellate Defender* (*Daniel Warshawsky* and *Richard M. Greenberg* of counsel) for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Ellen Stanfield Friedman* and *Richard Nahas* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant William Campbell was arrested on July 30, 2007 and charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) after having allegedly approached an undercover police officer to initiate a drug transaction. The parties stipulated that the courtroom should be closed to the general public during the undercover's testimony. The prosecutor, however, also sought to exclude defendant's family members planning to attend the trial. Following a *Hinton* hearing (*People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), the trial judge ruled that defendant's grandmother, with whom he resided and who had apparently reared him, and an aunt could remain in the courtroom when the undercover testified; he excluded another aunt and one of her sons on the ground that they resided near enough to the area where the undercover officer conducted ongoing drug investigations to present a risk of exposure, compromising his effectiveness and safety. We conclude that the record made at the *Hinton* hearing was adequate to support the trial judge's exercise of discretion to exclude the aunt and her son (*People v Nieves*, 90 NY2d 426 [1997]).

Defendant's remaining contentions likewise lack merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.