■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [983 NYS2d 531]—

Judgment, Supreme Court, New York County (Daniel McCullough, J.), rendered March 30, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to concurrent terms of six years, unanimously affirmed.

In this buy and bust case, in which defendant was found to have sold heroin to an undercover police officer, we find that defendant has not sustained his claim that Supreme Court violated his Sixth Amendment right to a public trial by closing the courtroom while the officer testified. While, initially, the court improperly granted the People's application for closure without conducting a hearing pursuant to *People v Hinton* (31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), the People immediately alerted the court to the need for a *Hinton* hearing, which was then conducted. The court stated that "[i]f any additional information comes in [during the hearing] to make me change my

mind, it will be open then." This statement did not improperly shift the burden of proof on the application from the People to defendant. The court had already heard what it deemed grounds for partial closure and was merely informing the parties that it would reconsider based on evidence adduced at the *Hinton* hearing.

In any event, the evidence established the type of overriding interest warranting the limited closure of the courtroom that has been upheld (*see Waller v Georgia*, 467 US 39 [1984]; *People v Campbell*, 16 NY3d 756 [2011]; *People v Alvarez*, 51 AD3d 167, 175 [1st Dept 2008], *lv denied* 11 NY3d 785 [2008]). The undercover officer's testimony at the hearing supported the court's finding that testifying at trial in an open courtroom would compromise his undercover work and jeopardize his and his family's safety (*see People v Echevarria*, 21 NY3d 1, 12-14 [2013], *cert denied* 571 US —, 134 S Ct 823 [2013]). The officer testified that he had been working undercover for four years, that he was on active duty and bought drugs for buy and bust arrests three or four times per week, and that he had made about 10 purchases near where he bought the drugs from defendant. The officer further testified that several of his investigations were ongoing, that certain targets remained at large, that he had been verbally threatened while working undercover, and that he took numerous precautions to conceal his identity when he had to testify in court.

The court's decision to exclude defendant's sister, who lived within two blocks of the location where the officer bought drugs from defendant and where he continued to work undercover, is consistent with our prior holdings (*see People v Campbell*, 66 AD3d 590 [1st Dept 2009], *affd* 16 NY3d 756 [2011]; *Alvarez*, 51 AD3d at 175). The officer testified that he was concerned that defendant's sister might expose his identity.

Although defendant preserved his general claims that the courtroom should not have been closed, and that his sister should not have been excluded, he did not preserve his specific procedural claims regarding the manner in which the court made these determinations. Specific objections were necessary because, in each instance "a timely objection . . . would have permitted the court to rectify the situation instantly" (*People v Doster*, 13 AD3d 114, 115 [2004], *lv denied* 4 NY3d 763 [2005]). Accordingly, we decline to review this claim in the interest of justice. As an alternative holding, we find that defendant's procedural objections do not warrant reversal.

There is nothing in the record one way or the other with respect to defendant's assertion that the court refused to consider

alternatives to closure (*see Waller*, 467 US at 48). However, as the Court of Appeals has held, where the record in a buy-and-bust case "makes no mention of alternatives but is otherwise sufficient to establish the need to close the particular proceeding . . . it can be implied that the trial court, in ordering closure, determined that no lesser alternative would protect the articulated interest" (*People v Ramos*, 90 NY2d 490, 503-504 [1997], *cert denied* 522 US 1002 [1997]; *see also Echevarria*, 21 NY3d at 18 [finding that the holding in *Ramos* is unaffected by *Presley v Georgia* (558 US 209 [2010])]).

Turning to defendant's remaining claims, we find that the People also made a sufficient showing to support the court's decision to permit the officer to testify under his shield number (*see People v Waver*, 3 NY3d 748 [2004]), and the court properly exercised its discretion in denying, on the ground of untimeliness, defendant's request for a missing witness charge (*see People v Medina*, 35 AD3d 163 [1st Dept 2006], *lv denied* 8 NY3d 925 [2007]). Defendant did not preserve his claim that he was constitutionally entitled to learn the officer's true name (*see e.g. People v Acevedo*, 62 AD3d 464, 464-465 [1st Dept 2009], *lv denied* 13 NY3d 741 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see id.*).

Finally, defendant's arguments concerning the sufficiency and weight of the evidence, based on a slight difference between the way the undercover officer and a technician described the color of the drugs, are without merit (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Concur—Mazzarelli, J.P., Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.