People v Myers (2021 NY Slip Op 02766)





People v Myers


2021 NY Slip Op 02766


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Ind No. 2255/15 Appeal No. 13343 Case No. 2018-03054 

[*1]The People of the State of New York, Respondent,
v
Tyrell Myers, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Anjali Pathmanathan of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered December 15, 2017, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree and selling an imitation controlled substance in violation of Public Health Law § 3383, and sentencing him to an aggregate term of five years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of minor inconsistencies in testimony. Immediately after undercover officers saw defendant place a bag behind a bench, other officers arrested defendant, who was sitting on the bench, for a drug sale. One of these officers looked behind the bench and found defendant's bag, which contained a loaded pistol and an imitation controlled substance similar to the substance defendant had sold to an undercover officer earlier in the day. The record fails to support defendant's assertion that the bag recovered by the police may not have been the same bag defendant deposited, moments earlier, in the same place.
The court providently denied defendant's request for a circumstantial evidence charge. No such charge was required, because the People presented both direct and circumstantial evidence of defendant's guilt of the gun possession charges (see People v Roldan, 88 NY2d 826, 827 [1996] ["A defendant's request for a circumstantial evidence instruction must be allowed when proof of guilt rests exclusively on circumstantial evidence"]). Two undercovers officers observed defendant holding a plastic bag as he entered the park; one of the undercovers saw him put the bag behind the bench, where a backup-team detective found the bag containing the pistol. The officers' testimony constituted direct evidence of defendant's dominion and control over the bag in which the gun was found (People v Hardy, 26 NY3d 245, 251 [2015]; see also Roldan, 88 NY2d at 827). Thus, the proof connecting defendant to the gun was not wholly circumstantial.
The People made a sufficiently particularized showing of an overriding interest justifying all aspects of the court's ruling on closure of the courtroom during the testimony of an undercover officer (see Waller v Georgia, 467 US 39 [1984]; People v Echevarria, 21 NY3d 11, 12-14 [2013], cert denied 571 US 1111 [2014]; People v Johnson, 116 AD3d 501, 502 [1st Dept 2014], lv denied 23 NY3d 1021 [2014]). In addition to such factors as the officer's expected return to undercover work in the area of defendant's arrest and her pending cases and lost subjects from that area, there were several incidents, one of which occurred in court during a suppression hearing, indicating that defendant and his relatives or associates might be seeking to reveal the officer's identity in order to disrupt her future work.
We perceive [*2]no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021