■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GRIFFIN, Appellant. [673 NYS2d 73] —Judgment, Supreme Court, Bronx County (William Donnino, J.), rendered on or about April 8, 1996, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years, 7½ to 15 years, and 2 to 4 years, respectively, unanimously affirmed.

The record does not support defendant's claim that the prosecutor exercised various peremptory challenges in a discriminatory manner. The court's findings that the race-neutral reasons offered by the prosecutor were nonpretextual, based in part on its own observations, is entitled to great deference (People v Hernandez, 75 NY2d 350, 356, affd 500 US 352).

The court appropriately exercised its discretion in permitting, upon a proper foundation and with appropriate safeguards, inquiry of a proposed alibi witness regarding her efforts or lack of efforts "to come forward at the earliest possible moment in order to forestall the mistaken prosecution of [defendant]" (People v Dawson, 50 NY2d 311, 318), since, at the

time in question, the alibi witness was aware that defendant was wanted, but not yet apprehended, for the instant robbery.

The record indicates that defendant's waiver of his right to conflict-free counsel was knowing, intelligent and voluntary, following detailed discussion, on the record and in defendant's presence, of the basis for the potential conflict, and the assurance of counsel that she had fully discussed the matter of the potential conflict with defendant, who indicated that he understood and wished to continue with counsel (*People v Gomberg*, 38 NY2d 307). In any event, the record indicates that defense counsel possessed no confidential information regarding a prior Legal Aid Society client who was purportedly the "true" perpetrator of the crimes charged herein, that counsel (who did not represent the former Legal Aid Society client) perceived no conflict of interest and no loyalty owing to the former Legal Aid Society client, and that counsel vigorously pursued the planned defense of misidentification, in part through eyewitnesses who testified that the former Legal Aid Society client was the "true" perpetrator. In these circumstances, defendant has failed to show that any conflict of interest on the part of his attorney had any effect on the conduct of the defense (*see, People v Perez*, 70 NY2d 773). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.