■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WALKER, Appellant. [769 NYS2d 422]—

Appeal from a judgment of Erie County Court (D'Amico, J.), entered May 24, 2000, convicting defendant after a jury trial of, inter alia, attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject defendant's contention that County Court erred in discharging a sworn juror (*see People v Zeigler*, 305 AD2d 1100 [2003], *lv denied* 100 NY2d 626 [2003]). We also reject the further contention of defendant that he was denied effective assistance of counsel based upon defense counsel's prior representation of the victim and another prosecution witness on unrelated criminal charges. The court conducted a *Gomberg* inquiry (*see People v Gomberg*, 38 NY2d 307 [1975]), advised defendant of the potential conflict, and defendant agreed to defense counsel's continuing representation (*see People v Smith*, 306 AD2d 858, 860, *lv denied* 100 NY2d 587 [2003]; *People v Griffin*, 249 AD2d 244, 245 [1998], *lv denied* 92 NY2d 898 [1998]).

The court properly denied that part of defendant's motion seeking to suppress the identification of defendant from a photo array. "[A]lthough the hairstyles of the men depicted in the array are not identical, ' "[t]he viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" ' " (*People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]). The court also properly denied that part of defendant's motion seeking to suppress the identification of defendant from a lineup. "The issue involved in ascertaining the validity of a lineup identification concerns 'undue suggestiveness[,]' which is determined by considering the totality of the circumstances surrounding the lineup" (*People v Rodriguez*, 124 AD2d 611, 612 [1986]). An argument between defense counsel and the prosecutor in the presence of lineup witnesses following the lineup cannot be said to have affected the validity of the lineup identification. Finally, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Hayes, JJ.