THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIAM QUINONES, Appellant. [773 NYS2d 671]—

Appeal from a judgment of the Erie County Court (Timothy J.
Drury, J.), rendered May 10, 2000. The judgment convicted de-
fendant, upon a jury verdict, of murder in the second degree,
criminal possession of a weapon in the second degree, and crim-
inal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment rendered
upon a jury verdict convicting him of murder in the second
degree (Penal Law § 125.25 [1]), criminal possession of a weapon
in the second degree (§ 265.03), and two counts of criminal pos-
session of a weapon in the third degree (§ 265.02 [1], [4]), aris-
ing from the shooting death of the victim in June 1997. Con-
trary to the contention of defendant, County Court was not
required pursuant to *People v Rodriguez* (79 NY2d 445 [1992])
to permit him to call the witness who would identify him at
trial during the *Wade* hearing. The purpose of a *Rodriguez* hear-
ing is to establish that an identification is confirmatory when
the court denies a request for a *Wade* hearing on that basis (*see
id.* at 449-450). Where the court conducts a *Wade* hearing, there
is no requirement that a *Rodriguez* hearing also be conducted
(*see People v Goico*, 303 AD2d 1030 [2003], *lv denied* 100 NY2d
581 [2003]). Contrary to the further contention of defendant,
the identification procedure was not unduly suggestive because
of the differing skin tones of the subjects depicted in the photo
array (*see People v Pointer*, 253 AD2d 500 [1998], *lv denied* 92
NY2d 1037 [1998]; *People v Miller [Philip]*, 199 AD2d 422, 423
[1993], *lv denied* 83 NY2d 807 [1994]; *see also People v Chipp*,
75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). In
any event, the subjects depicted in the photo array are suf-
ficiently similar in appearance so that the viewer's attention is
not drawn to any one photograph in such as a way as to indicate
that the police were urging a particular selection (*see People v*

*Walker*, 2 AD3d 1358 [2003]; *People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US 963 [2003], *reh denied* 539 US 911 [2003]; *see also Chipp*, 75 NY2d at 336). Finally, to the extent that the prosecutor's comments on summation were improper and that the harm resulting therefrom was not alleviated by the court's curative remarks (*see People v Madore*, 289 AD2d 986 [2001], *lv denied* 97 NY2d 757 [2002]), they were not so egregious as to deprive defendant of a fair trial (*see People v Jenkins*, 302 AD2d 978, 979 [2003], *lv denied* 100 NY2d 562 [2003]; *People v Cohen*, 302 AD2d 904, 905 [2003]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Lawton, JJ.