People v McCutcheon (2023 NY Slip Op 01614)

People v Mccutcheon

2023 NY Slip Op 01614

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

174 KA 19-01415

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARVIS MCCUTCHEON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 30, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and robbery in the second degree
(§ 160.10 [1]).
Contrary to defendant's contention, Supreme Court did not err in refusing to suppress a gun seized after a search of defendant's person and statements that defendant made to the police. Here, the People established the existence of probable cause to arrest defendant for the robbery based upon a witness's identification of defendant by his street name and in a subsequent photo array (see People v Woodard, 96 AD3d 1619, 1620 [4th Dept 2012], lv denied 19 NY3d 1030 [2012]; People v Radcliffe, 23 AD3d 301, 301 [1st Dept 2005], lv denied 6 NY3d 817 [2006]; People v Higgins, 178 AD2d 199, 199 [1st Dept 1991], lv denied 80 NY2d 832 [1992]). Further, the court's credibility determinations regarding whether the police officers were, in fact, placing defendant under arrest for the robbery are supported by the record and we see no basis to disturb them (see People v Robles-Pizarro, 198 AD3d 1379, 1379 [4th Dept 2021], lv denied 37 NY3d 1664 [2022]). Inasmuch as defendant's arrest was lawful, we reject defendant's contention that the court erred in refusing to suppress the property seized in a search incident to the lawful arrest (see People v Harlow, 195 AD3d 1505, 1507 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; People v Taylor, 294 AD2d 825, 826 [4th Dept 2002]) and the statements defendant subsequently made to the police (see People v Edwards, 187 AD3d 1687, 1690 [4th Dept 2020]; People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]).
The sentence is not unduly harsh or severe. Defendant's remaining contention is without merit.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court