People v Rainey (2024 NY Slip Op 04892)

People v Rainey

2024 NY Slip Op 04892

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

680 KA 19-02348

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMARR J. RAINEY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 30, 2019. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), arising from defendant's actions in forcibly stealing by gunpoint a vehicle and jewelry from a victim. We affirm.
Defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that defendant committed the robbery or displayed what appeared to be a firearm. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as one of the two people who committed the robbery (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified at trial that defendant was the individual who stole her property, identifying him based on her observations of him during their confrontation. Further, defendant was apprehended near the victim's vehicle that was abandoned, and the victim's personal property was found in defendant's pockets. We further conclude that the evidence is legally sufficient to establish that defendant displayed what appeared to be a firearm (see generally People v Lopez, 73 NY2d 214, 220 [1989]). The victim testified at trial that she saw and felt the gun that defendant held to her side when he demanded her property. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress identification testimony on the ground that the photo array and the initial identification procedure was unduly suggestive. We reject that contention. Because "the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection," the photo array itself was not unduly suggestive (People v Quinones, 5 AD3d 1093, 1093 [4th Dept 2004], lv denied 3 NY3d 646 [2004]). Likewise, the procedures used by the police in presenting the photo array were not unduly suggestive (see People v Floyd, 45 AD3d 1457, 1459 [4th Dept 2007], lv denied 10 NY3d 811 [2008]). Even assuming, arguendo, that the photographic identification procedures were suggestive, we conclude that the People proved by clear and convincing evidence that the victim had an independent basis for her in-court identification of defendant (see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).
Defendant contends that the court, in response to a jury note, erred in submitting to the jury an exhibit, which defendant asserts was not admitted in evidence (see CPL 310.20 [1]). Defense counsel, however, did not object to the submission of the exhibit to the jury, and thus the issue is not preserved for our review (see People v Mills, 188 AD3d 1655, 1656 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]; People v Dame, 144 AD3d 1625, 1626 [4th Dept 2016], lv denied 29 NY3d 948 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, the sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court