People v Moss (2024 NY Slip Op 05743)

People v Moss

2024 NY Slip Op 05743

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

813 KA 20-00659

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYANT MOSS, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered March 10, 2020. The judgment convicted defendant upon his plea of guilty of burglary in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the second degree (Penal Law § 140.25 [2]). We affirm.
Defendant contends that County Court erred in refusing to suppress identification evidence on the ground that the photo array from which a witness identified defendant was unduly suggestive. We reject that contention. Because "the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection," the photo array itself was not unduly suggestive (People v Quinones, 5 AD3d 1093, 1093 [4th Dept 2004], lv denied 3 NY3d 646 [2004]; see People v Johnson, 126 AD3d 1326, 1327 [4th Dept 2015], lv denied 25 NY3d 1166 [2015]). Likewise, the procedures used by the police in presenting the photo array were not unduly suggestive (see People v Rainey, — AD3d &mdash, 2024 NY Slip Op 04892, *1 [4th Dept 2024]), particularly in light of the fact that the police used a " 'blind or blinded procedure' " (CPL 60.25 [1] [c]; see People v Tyme, 222 AD3d 783, 783-784 [2d Dept 2023], lv denied 41 NY3d 944 [2024]; see generally People v Griffin, 203 AD3d 1608, 1613 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]).
Defendant further contends that the court erred in refusing to suppress physical evidence obtained following his arrest on the ground that his arrest was not supported by probable cause. We reject that contention. Here, the People established that the police had probable cause to arrest defendant for the burglary based on, inter alia, the "be-on-the-lookout" (BOLO) for defendant that was issued by the police detective investigating the burglary and who had met with the witness who identified defendant in the photo array. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer or another police agency in possession of information sufficient to constitute probable cause for the arrest . . . Information received from another police officer is presumptively reliable" (People v Ketcham, 93 NY2d 416, 419-420 [1999] [internal quotation marks omitted]; see People v Rosario, 78 NY2d 583, 588 [1991], cert denied 502 US 1109 [1992]; People v Searight, 162 AD3d 1633, 1634-1635 [4th Dept 2018]).
Here, the BOLO relied on by the arresting officer was based on probable cause that defendant committed the burglary inasmuch as it was based on the witness's identification of [*2]defendant as the perpetrator (see People v McCutcheon, 214 AD3d 1446, 1447 [4th Dept 2023], lv denied 40 NY3d 935 [2023]; People v Motter, 235 AD2d 582, 586 [3d Dept 1997], lv denied 89 NY2d 1038 [1997]). Additionally, the arresting officer relied on information passed along by the police detective that the burglary suspect had stolen a unique green bicycle—the same bicycle that defendant was observed riding at the time of his arrest. Consequently, inasmuch as defendant's arrest was lawful, we reject defendant's contention that the court erred in refusing to suppress physical evidence seized incident to the lawful arrest (see McCutcheon, 214 AD3d at 1447).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court